We'll hear argument next in Case 13-1333, Coleman v. Tollefson. Mr. Shanmugam. Thank you, Mr. Chief Justice, and may it please the Court. Under the three-strikes provision of the Prison Litigation Reform Act, a prisoner who has three prior dismissals on prior occasions must pay the full filing fee before bringing suit. While the three-strikes provision specifies what types of dismissal qualify as strikes, it does not expressly specify when a dismissal counts as a strike. The better view is that a dismissal does not count until it becomes final on appeal. That view is consistent both with the text of the three-strikes provision and with the PRA's underlying consensus. And through the petition for cert, or is only the first level appeal? The time for the filing of a petition for cert would count under our view, which is to say that a dismissal would not qualify as a strike until that time is complete. Why is that? Until there's a petition filed and it's denied, or until the time expires to file the petition for cert. That is correct. And that is a quite familiar rule, Justice Ginsburg. It is the rule that this Court has applied with regard to the running of limitations periods for habeas petitions, for example, Enclave v. United States. Here it is, but if that were the case, why would the statute have to refer separately to dismissals for frivolousness by the district court or by the court of appeals? You could just — it could have just said if he's had a petition dismissed for frivolousness, period. And that would mean it would have to go all the way up. Justice Scalia — It separately says by the district court or by the court of appeals. It is certainly true that a qualifying dismissal by a court of appeals, like a qualifying dismissal by a district court, qualifies as a distinct strike. And so, therefore, a prisoner could get two strikes in a single case. But we would respectfully submit that that really tells us nothing about the separate question of when those dismissals could be strikes. Scalia No, I think on your theory he wouldn't get two. He'd just get one. No, that is — Scalia The dismissal is simply not final until the court of appeals acts, and that's one dismissal. But there would still be two dismissals. And let me explain how our interpretation works, because I think that this is an important point. Scalia No, I understand what you're saying, but it doesn't make any sense. It doesn't make any sense for Congress to want a finality rule and yet to count it twice. I don't think that there is any inconsistency, and let me explain why that is so. In our view, the critical phrase in the statute is the phrase »Prior occasion.« And to be sure, an occasion is triggered at the point at which a dismissal is entered. But in our view, the occasion is not complete until the appellate process has run its course. So in a case in which a district court enters a qualifying dismissal, that is to say a dismissal on the ground that the action is frivolous or malicious or fails to state a claim, the occasion is complete only when the appellate process runs its course. And so, too, when the court of appeals, if it enters a qualifying dismissal on those And it, too, ends when further review is complete. Now, what that means Where do you get that out of the word occasion? I would think occasion means at any time prior, whether it's at the court of – whether it's at the district court or at the court of appeals. You read it. Why can occasion only mean what you suggest or mean what you suggest, period? We don't believe that it could only mean what we suggest, which is to say that we don't think that the text precludes an interpretation under which the occasion is coterminous with the act of dismissal. We simply don't think that that is the only possible interpretation of the statutory language. For one thing, we think that it is notable that the statute does not provide that a mere affirmance of a district court dismissal qualifies as a distinct strike. So in other words, in a case in which a district court dismisses on one of the specified grounds, and then the court of appeals simply affirms, I think everyone would agree that there is only one strike. And in our view – Ginsburg. But, Mr. Feinberg, I want you to explain that distinction from the court of appeals level. So the district court dismisses for failure to state a claim, goes up to the court of appeals. When would the court of appeals simply affirm, and when would it say, affirm that appeal dismissed? So, Justice Ginsburg, when a district court dismisses for failure to state a claim, I think that the ordinary course would be for a court of appeals to affirm. While the statute refers to dismissals on the ground that the underlying action is frivolous or malicious or fails to state a claim, we think that the failure to state a claim ground really only properly applies on the district court level. To come at it from another direction, the circumstances in which courts of appeals dismiss appeals rather than affirming are circumstances in which the appeal itself is frivolous or malicious. So in a circumstance in which a court of appeals merely affirms, there is no discrete strike at the court of appeals level. And in our view, to get back to Justice Scalia's question, that fact, the fact that a mere affirmance does not count separately, in our view strongly suggests that the dismissal and the ensuing appeal should be viewed as a single unit. The only circumstance in which a court of appeals action counts as a distinct strike is when the appeal itself is frivolous or malicious. Scalia, you know, Mr. Shanmugam, I find it as one of the appealing points in your argument that you have a dismissal for frivolousness at the district court level, it's counted as a third strike, and then that is reversed on appeal so that, you know, it turns out it shouldn't have been the third strike. And I don't know, what do you do in the last case? In the next case, he has only two strikes. That is a messy situation. How often does that situation arise? How often is it that a district court dismisses for frivolousness and is reversed by the court of appeals? Do you have any idea? Shanmugam So more often than you might think, Justice Scalia.  Shanmugam It's for the simple reason that you might think. Scalia I don't think it happens very often. Shanmugam It is certainly true that there are not a lot of cases, as the Federal Government points out, in which a court of appeals outright reverses. But I think it's important to emphasize that a court of appeals can also modify a district court dismissal. And so if, for instance, a court of appeals concludes that a district court erred by determining that the action was frivolous or malicious, it is not uncommon for a court of appeals to say that determination was incorrect, we're going to remand  We cite a number of those such cases in our reply brief. Roberts In a case such as that, is there anything preventing the plaintiff from getting a stay of the district court judgment, the third strike, seeking a stay of the judgment? And if, in fact, it is because of a failure to state a claim, so has more merit than one of those frivolous ones, I suppose the court of appeals could grant a stay and the problem we're addressing would totally go away. So neither Respondents nor the Federal Government suggest that that is a permissible solution. We have identified a couple of district court cases where district courts have entered stays. I would respectfully submit that the concept of a stay is a little bit counterintuitive in this context, because I think what a district court would essentially be doing is saying that it is staying the grounds on which it disposes of the case. Roberts Yeah, but that's a problem that's always presented when you have to ask a district court to stay its own judgment. But you can also ask the court of appeals, right? Shanmugam Right, but you're not really staying the dismissal in that circumstance. What you would really be doing is staying the consequences of the dismissal. Roberts No, you'd stay the judgment, because the judgment – I mean, that's the typical reason you ask for a stay, is because the judgment is going to have some very adverse consequences that should be suspended pending appeal. Sotomayor I'm sorry. I'm a little confused here. There's no judgment to be entered. If the prisoner can't file because of the third strike, there is no complaint to stay and there's no judgment to stay. Shanmugam Well, I think, Justice Sotomayor, if I'm understanding the Chief Justice correctly, that what the Chief Justice is suggesting is that a district court, when it enters the potential third strike, could somehow enter a stay of the disposition. And what I'm submitting is a little bit counterintuitive about that, is that what the district court would essentially be doing is entering the dismissal, because after all, the dismissal would need to take effect, but at the same time saying that, in essence, the collateral consequences of that dismissal are not immediately going to take effect. Roberts The remedy will be stayed, in effect, of the third strike. Shanmugam Well, but the only remedy is the disposition of the case. And so, again, I think that that is why this idea really hasn't gotten to the Court. Roberts Are you suggesting that the district court cannot stay the disposition of the case, or that a court of appeals asked to review it or going to be asked to review it can't stay it? Shanmugam Well, but the only consequence of the case here is the actual act of entering the dismissal. So this is not a circumstance in which, for instance, a court affirmatively provides relief, whether it's a monetary judgment or injunctive relief, and then says that that is not going to take effect until the appellate process is complete. Sotomayor The dismissal will not take effect. Why can't it say the dismissal will? You know, we think you deserve to be dismissed, but we're going to enter a stay so you can go up and see if we were right. Shanmugam Yeah. Again, I don't think that there is a lot of precedent for this, even in the jurisdictions that have adopted Respondent's or the Federal government's interpretation. But let me just say one thing. Sotomayor I actually don't even – I hadn't considered this because we, appellate courts, have no jurisdiction until there is a final judgment. Shanmugam Well, that's not what you would be doing. Sotomayor There's no 54B standard that would be met, and there's no anything standard that would be met. Shanmugam I mean, in essence, what you would have to do is to prevent the very judgment from becoming a judgment, because, of course, at the moment, it would be the same. Roberts Isn't that what stays do? They suspend the effectiveness of the judgment, and by doing so, you stay, then collateral consequences of it? Shanmugam What they tend to do, Mr. Chief Justice, I think, is to really stay the relief that is being provided until the appellate process runs its course. But let me say – Sotomayor The problem here is not that case. The problem here is the next case, if there is one. Shanmugam Well, that is correct. And to get back to Justice Scalia's question, because I just want to make sure that all of the consequences of the various interpretations are on the table, I think that there are actually two sets of pernicious consequences here. The first is the one that you identified, which I think is a problem both with Respondent's interpretation and the Federal Government's interpretation, which is what to do in a circumstance in which a prisoner is effectively barred as a result of an erroneous third strike, a third strike that is reversed or modified. I think with Respondent's interpretation, there is a much more fundamental anomaly, which is this anomaly of precluding appeals of dismissals that count as the third strike. And so, again, we are not arguing here today that there is no such preclusion. I thought that the Court of Appeals said, yes, we will take the appeal from the strike. So that's you can't urge that issue because you prevailed on it. Shanmugam But that is a problem, Justice Ginsburg, that I think inheres in the interpretive question that is before the Court. It is certainly true that Petitioner is not in that position. In other words, we are not here trying to get the right to appeal from the third strike dismissal. But I do think that it is a problem that has to be dealt with in construing the statutory provision. And it's a problem that has been recognized by every court. Sotomayor But it has to be dealt with under anybody's interpretation. Once you admit it, which you must, that in one case there can be two strikes, then if there is a second case, a third case, or no, a second case but a third strike at the district court level, you still have to face the question of whether there is a right to appeal. Shanmugam But, Justice Sotomayor, under our interpretation, all of these anomalies are dealt with for the simple reason that you wait until the end of the appellate process. And even those courts, those two courts of appeals that have gone the other way on this issue have recognized this anomaly. It's really only Respondents who think that this anomaly is no big deal. Now, there have been various solutions devised to this problem. The Sixth Circuit, the Seventh Circuit, and the Federal Government have all come up with different interpretations of the relevant statutory language in order to address the problem. I want to specifically address the Federal Government's proposed interpretation, because no one before this Court is defending the exact reasoning of either the Sixth Circuit or the Seventh Circuit. The Federal Government argues that the phrase prior occasion should be construed to mean a prior dismissal in a different case. Now, that certainly addresses this anomaly, but we simply don't think that you can get that interpretation out of the phrase prior occasion. And so while there may be textual ambiguity here, and I would certainly acknowledge, as I did to Justice Scalia, that the text of the statute does not unambiguously preclude Respondents' interpretation, we do believe that it unambiguously precludes the Federal Government's. Kennedy, are you saying the government is being illogical or inconsistent? Because if strike number three is a district court ruling, the government says, well, there's no bar to your appealing that. There's just a bar for filing a new district court suit, and you would say that that's just illogical. Well, we think that that is something that Congress could logically have done. We simply don't think that there is any footing in the statutory language for that distinction. Now, the government's Federal Government's Sotomayor, if prior occasion means what it means, then there's only two strikes anyway, because there was the or two prior cases or two prior. Well, under our interpretation, that is certainly true, and of course, it bears emphasizing that this is the interpretation of the overwhelming majority of lower courts to have considered the issue. Sotomayor, by the way, how many of those courts count the time or rely on the time for certain? You know, I'm not sure that all of the court of appeals' opinions have expressly dealt with that issue, simply because the cases haven't quite been postured in that position. We think that that rule makes sense because that is the ordinary rule that is applied, for instance, when this Court is construing statutes that expressly require finality on appeal, and that's the Clay v. United States case that I referenced earlier. Of course, that time is not likely to be all that extensive, particularly in cases in which the petitions plainly lack merit. The time to resolution of petitions of that variety is typically relatively short. But my point here is simply that under our interpretation, there really have been no identified problems with administrability. And after all, why not? I mean, what they argue is if we take your interpretation, it has to be final to become a strike. All that takes time, and if you have a really, real frequent filer during that year, perhaps, you will file 38 more cases, or maybe 100, and there will be no way to stop him, really. You'll have to pay for the — pay for the — you know, I mean, you see the problem. On the other hand, the evil that you're worried about, which is that there is a reversal of a strike on appeal, has happened precisely zero times, ever. So this sort of undermines the statute. There's not a real need for it, your interpretation. And if there were, by the way, and it were reversed, he could proceed under Rule 60b-5. So that's basically their argument. I would like to hear your answer. Shanmugam. Sure. Well, Justice Breyer, let me start with the problem that we are addressing here. And I would note that it's the twofold problem. Again, it's the problem of prisoners who are barred as a result of erroneous third-strike dismissals. And there are such cases. It's not a null set. Even the Federal Government acknowledges that there are at least two reported cases in which that has occurred. And again, we point out that there are cases in which there have been modifications, and those modifications would also be cases where someone, under the interpretations on the other side, would go from having three strikes to two strikes. But let me address the perceived vices with our position as well. I think really the only vice that has been identified is this supposed floodgates problem that's going to ensue under our interpretation where a prisoner on the eve of a third strike is suddenly going to come in with a flurry of lawsuits. I would note at the outset that that is a potential problem, really, with any interpretation. In other words, once you set the rules for what constitute three strikes, a prisoner, when the prisoner has two strikes, will have an incentive to come in with a number of different lawsuits. So I don't think that that problem really disappears under any interpretation. But again, that's not a problem that seems to have been borne out in the many. Scalia. Wait, wait, wait, wait, wait, wait. I mean, what's distinctive about yours is you have to wait for the period of the appeal. You have to — and, you know, that could take a long time. And you talk about floodgates. The reason this statute exists is because of floodgates, because these prisoners file one frivolous appeal after another. Two points in response to that, Justice Scalia. First of all, even under Respondent's interpretation, where a prisoner has two strikes, a prisoner could come in with a flurry of lawsuits. And it seems to be undisputed that you assess whether or not a prisoner has three strikes at the point at which the prisoner submits the complaint. And so a prisoner could bring a flurry of lawsuits, even under that interpretation. But second and more importantly, I think there's a reason why this problem hasn't been borne out in practice, and that is simply by virtue of the other provisions of the PLRA. Even a prisoner who is not subject to the three strikes provision still has to pay the filing fee, albeit an installment. And that filing fee, of course, is substantial. It's now $400 in the district courts. It's now $505 in appeals. Ginsburg. Why isn't this case just a casebook example of what the danger is? Because this Petitioner, as I understand it, filed not only the petition that's before us, but three more. In what span of time? Over the span of about a year and a half. But I would note that it took my client, who has been imprisoned in Michigan since 1983, 25 years to get to three strikes, even under Respondent's interpretation.  Kennedy. Well, but he's making up for lost time. Well, he did file four lawsuits. And as a result, he does have to pay the filing fee in installments for each lawsuit, and that's 20 percent of his income. And in addition, district courts are not somehow left without tools in the event that those subsequent lawsuits are meritless. But I don't think that your earlier point that when he has two strikes, he can file a flurry of suits is relevant. That's the grace period that the government has given. The government has granted that with only two strikes, you can proceed. But now we have three, and that's quite different. Well, and of course, that is the question. And the question really is whether Congress, in imposing this sanction, which is a considerable one, and which of course applies to meritorious and meritless claims alike, whether  in fact had three valid dismissals for pursuing meritless claims. And of course, we have a statute here that does not specifically address that issue, and there are plenty of statutes that address that issue in both directions. And we also have no legislative history for those members of the Court who are interested in legislative history that speaks to this issue. And so the real question we would submit is that if the Court agrees with us that the language of the statute is at least ambiguous, which interpretation avoids anomalous consequences and leads to a rule that is easy for lower courts to administer? The great virtue of our interpretation is that once a prisoner has three strikes, the prisoner always has three strikes. You don't have this specter of the possibility that a prisoner could go from having three strikes one day to having two strikes or fewer the next. Sotomayor, do you know if any of those courts, the majority of the courts except for two, have opted for addressing things your way, and I have a slight leaning towards letting the majority of circuit courts figure out the ease of administrative rules? How many of them thought of it as just being easier to do? Well, I think that when you look at the court of appeals opinions that have gone on our way, a number of them have recognized that the text is ambiguous. So they have not just been, as Respondents in the Federal Government suggest, somehow disregarding the language of the statute. The Fourth Circuit in the Hensley case specifically relied on the phrase prior occasion and said that the phrase prior occasion may refer to a single moment or to a continuing event, to an appeal independent of the underlying action or to the continuing claim inclusive both of the action and of its appeal. And that's, of course, precisely the argument we're making today. But with regard to administrability, I just want to be clear about how this works, because this is obviously a very important practical issue for district courts. Under our interpretation, all that a district court or, for that matter, a court of appeals need do is to look to see whether in a prior case there has been a determination that a prisoner has three strikes. If, in fact, that is so, that is the end of the analysis. And, indeed, our understanding is that in many jurisdictions, the district court clerk's offices actually keep lists of people who have been subject to the three strikes prohibition. There's a decision from the Western District of Louisiana that refers to the keeper of the three strikes list, and our understanding is that that is actually a fairly common practice. And, of course, where a prisoner has not previously been subject to the three strikes provision, it will be relatively easy and it's a familiar task for a district court to make the determination whether a prisoner's prior dismissals are final on appeal. Under Respondent's and the Federal Government's interpretations, by contrast, there is no such ease of application, because a court will not be able to be sure that a prisoner, in fact, has three strikes, even if the prisoner has previously been barred. And under either of the interpretations on the other side, you will have to figure out what to do in a situation in which a third strike dismissal has been reversed or even modified. Now, the Federal Government Scalia, again, that's a big problem, depending upon how frequent that is. If it's once in a blue moon, you know, it's no big deal. Well, everyone before this Court agrees that we're not exactly dealing with a large set of cases to begin with, and the question presented in this case is not going to affect a large number of cases in the aggregate, though I would note that the issue has arisen in virtually every single one of the courts of appeals. My point is simply that you're dealing with a somewhat larger number of cases than the Federal Government would suggest when the Federal Government says, look, we've only been able to identify two cases where there have been outright reversals. And to the extent that the Federal Government, in its brief, points to the reversal rate in civil actions by prisoners, the Federal Government accurately represents that that rate is about 4 percent, I think it's important to emphasize the fact that the overall reversal rate in the Federal courts of appeals is only 7 percent. And so it isn't as if the prisoner rate is, you know, somehow orders of magnitude lower. And, of course, that rate is the same as the prisoner rate in civil actions. Alitoso, I would think the situation that we should be concerned about is the situation in which the dismissal, which is initially counted as the third strike, ultimately results in some relief for the prisoner. And I don't know that there's even one of those. Well, but, of course, under the statute, the dismissal no longer qualifies, even if the prisoner doesn't obtain relief. And I think everyone agrees that if there is either a reversal or vacatur of the dismissal or a modification to eliminate the grounds specified in the statute, that the dismissal no longer has any effect. And those cases, I would respectfully submit, are somewhat more common than my friends on the other side would have you believe. And I would like to reserve the balance of my time for rebuttal. Thank you, counsel. Mr. Lindstrom. Mr. Chief Justice, and may it please the Court, the plain language of Section 1915g identifies when a strike occurs. It occurs when an action or appeal was dismissed. The phrase, action was dismissed, has an everyday meaning, and the ordinary meaning of action was dismissed does not. Action was dismissed and affirmed. Mr. Lindstrom, I understand that argument, and it seems to me a very natural reading of the statute. But I'm troubled by the scenario where it's dismissed and then it's reversed, not for these practical reasons that people have been talking about. But it seems to me that if you were really reading the statute that way, that that would count as a strike, too, and that that strike would not go away even when it was reversed. And so I'm wondering whether the statute is actually a little bit more ambiguous than you are suggesting, because at the very least, I mean, everybody agrees that you have to make an exception for that case. And it seems to me that on your reading of the statute, that case would be included. A strike would be a strike even if it's reversed. No, Justice Kagan. We think the ordinary rules that apply to judgments apply. When Congress passed the statute, they weren't trying to change the ordinary rules of how judgments are applied. The ordinary rules that district court judgments matter until they're reversed. That's the ordinary rule in the race-judicata context and in every other context. Yes, but that's something. You're now appealing to some default principle that exists outside of the statutory text. I can't find any basis in the statutory text for that result. I mean, it's – there have been three or more prior occasions in which either an action or an appeal has been dismissed. Now, one of those dismissals was later reversed, but it was dismissed. And so on your reading, we really, you know, it's – your reading is kind of, this is the natural reading, but we're not going to – we're not going to apply the natural reading in a case where it obviously doesn't fit. I think we're assuming that Congress is drafting against the ordinary background rules, and there's an ordinary meaning, it was dismissed, and that's what my colleague is changing, is challenging. Sotomayor's problem with the ordinary rule is that it really doesn't apply completely until the next case. It applies in that case, but it doesn't apply in the next case. If you mean it doesn't apply, I guess I'm not sure what you're saying. Meaning, let's talk about race-judicata or collateral estoppel. If it's race-judicata, it's the two parties. So that's that case, essentially. Yes, Your Honor. If it's collateral estoppel, it could be until a third party. But I think that that third party would be entitled to a stay of his or her action pending the adjudication of the main action. But we do know that Congress did want to cut off IFP status in the same case in at least some instances. If you look at Section 1915a.3, that specifically says that an appeal may not be taken in form of pauper status if the trial court certifies in writing that it was not taken in good faith. That's not – that's setting aside the three-strikes rule entirely. That could happen in any given case. And that shows that Congress specifically wanted to cut off IFP status on appeal in at least some cases. Except that the – there's still a right to ask the court of appeals for a COA. And so there is an appellate process of sort. There would be in that instance. That's correct. But in terms of what the background rules are, I think the ordinary rule of background interpretation would be you start with the plain language. Congress expects you to look at the word was dismissed, figure out what that means. They would also expect you to apply the ordinary rules that apply to judgments. And the ordinary rules of district court judgments matter. They have a legal effect immediately. You can see this from trivial matters, like when interest starts to accrue, and also through very significant matters. And so what the Court is saying is that if there is a case such as a criminal conviction, somebody is convicted of a criminal – of a crime in Federal court, they get to go to jail, even though they're pending. Answer Judge Easterbrook's point, that there is no way to revive a subsequently filed case that was dismissed because of a third strike. Just Judge Easterbrook, and I think there's some force to his logic, says with this – this three-strike situation, when the next case comes to the court of – to a district court, district court never files a complaint. There was nothing dismissed that can be revived. There was no judgment to enter. That wouldn't have barred any of the four lawsuits that Mr. Coleman could have brought in this case, because he could have brought all four of his lawsuits in State court. He could have filed each one of these in State court. So there is recourse, interpreting the statute according to the plain language. Sotomayor But there's no remedy for the fact that subsequent lawsuits that were – that were filed based on the erroneous third strike would have been turned back without the filing of a complaint. In other words, it was never filed, so there's nothing to relate back to that point. Sotomayor And nothing – or to file a 60B. But, again, there's an easy way for a prisoner to get around that, and the prisoner could have done that by, once he's got three strikes and the last one is on appeal, he has to make a decision. Should I file my next four cases that I'm going to file, should I file them in Federal court, or should I file them in State court? And this statute is saying you shouldn't file them in Federal court. I think – I'm not sure if I fully answered your point about reversal, but I think that's the ordinary background rule. Again, even though a prisoner would be convicted, they still go to jail, even though there's a possibility that a reversal might happen. And the ordinary rule is that a reversal is something that is as if it had never occurred. You can see that in the – as some examples say in the Federal government's brief about sentencing. If you have a conviction that is then reversed, it can no longer be used to enhance a later conviction. There's double jeopardy context where if a conviction is reversed, then it's as if it never happened, which is why in Ball v. United States, this Court said you can retry the person. So the plain language, both in the was-dismissed language and the action or appeal, they show that Congress is talking about the filing fees. The context of this statute I think is really helpful. It's about filing fees. When you enter the district court, you have to pay a filing fee to file a complaint, and then on appeal you have to pay a filing fee so you can file your notice of appeal. So what Congress is doing is saying these are the two events we're talking about, and if you have brought an action that was dismissed or brought an appeal that was dismissed, that lines up with these two stages of litigation. It was trying to separate them out and treat them differently because Congress was trying to deter not just frivolous actions, but also frivolous appeals. It includes the language action or appeal in the statute. In the Federal courts, it cost $505. $505, Your Honor. In the State courts, it's less. So you'd have that option, and you also have the IFP status option in State courts as well. Sotomayor, basically admitting that, in terms of your time, the suits would still remain because they could file in State court. Yes. I think they could file in State court. That's what the plain language of the statute, it doesn't say anything about the preclude State court. And there's other outlets as well. Do States have similar rules? States do have similar rules, and Mr. Coleman has not run afoul. As far as we can tell and as far as he has reported in the complaints that he filed, which are all in the joint appendix, he hasn't filed anything in State court. So this would not have precluded him from filing all four of his lawsuits in this very case. You know, I guess what I'm not quite sure about in your answer to my question, Mr. Lindstrom, is if I understand you right and tell me if I don't, you're basically saying that we look to these background principles and we decide that a strike doesn't happen if something is reversed on appeal, so a strike is kind of dependent on what happens on appeal. But when you say that, aren't you kind of giving up your best argument? I mean, aren't you then admitting that the notion of a strike encompasses what happens on appeal and encompasses finality on appeal? We don't think it does. I think Congress was looking at the filing fee stages. It was looking at the fact that you're going to file a fee at the district court level and at the appellate court level, so this statute clearly draws a distinction between the two and wants them to be treated separately. So that if you get the IFP status in the district court, that's one thing. Getting the IFP status in the federal court is another thing, because what's going on here is Congress is granting a subsidy to prisoners to allow them to pursue further litigation, and Congress simply drew a line in the statute saying we'll get the IFP appeals and actions before we cut it off. There's other statutes that also show that if Congress wants to delay the legal effect of a district court judgment, it knows how to do it. Section 2244, which we cite in our brief, is a good example of this. It was passed by the same Congress that was considering the Prison Litigation Reform Act. It was considering AEDPA at the same time throughout the 1995-1996 time period. Congress was voting on both parts. And in Section 2244, it said that something doesn't count, doesn't have legal effect with respect to statute of limitations until it's final by the conclusion of direct review or their expiration of the time for seeking such review. So the exact same Congress that wrote the words that was dismissed knew how to write a different rule and didn't do it here. And that's very telling, especially given how they were enacted within two days of each other. So this Court itself has stopped informal pauperous status appeals. So some of the concerns that are being raised are the fact that district court decisions could be ossified errors. They could be depriving people of meritorious claims. But that concern would be worse with respect to petitions that are filed in this Court, because if this Court cuts somebody off and says you can't file any more petitions, then after that, there's a much greater risk of ossification because those decisions might be precedential. So I think that our reading is consistent with what Congress is trying to do, which is to look at the great bulk of the cases and to say 95, 96, some high percentage of cases, those are going to be cases where the original strike is affirmed. And so the very remote possibility, if the lines were completely ambiguous, then you would still have to figure out which one is closest to Congress's intent, and Congress's intent would be to address the 95-plus percentage of cases rather than the case where my colleague admits there are not a lot of them and hasn't really cited very many of them. Alito, this is a question I probably should have asked Petitioner. But what do you understand his – what do you understand him to mean when he says that it has to be final on appeal? Suppose that there is an appeal pending in one of the prior strike cases, but it's perfectly clear that the notice of appeal in that instance was filed woefully out of time. Would that be final on appeal? I think you would – I assume his answer would be to look at once the notice of – I think he would say the end of the expiration of time is when court would look at it. So if it was filed late, the expectation would be that if it's filed out of time because you're looking at the time period for review, that time period is passed and it's final, I guess subject to reopening if there's a way to get around that. It would be jurisdictional, so I don't know how you could get around it. Under your position, I suppose, we don't have to ask about certiorari pending, whether or not that. Yes, Your Honor. You can say that that's the Petitioner's problem, not yours. I think that's right. I don't think I need to address that. What do you think about the government's argument about the third? Imagine he has – the prisoner has filed one, dismissed as frivolous. Appeal, the dismissal, affirmed. That's one. Now he does it again. That's two. And he does it a third time, district court dismissed. And he says, I want to appeal that, and I don't want to pay the $500. $505. And the government has to say, could say, sorry, you have to pay the $505. That's the third, because these are separate. They say, but it says on a prior occasion. And this is the same occasion, and therefore, he doesn't have to pay the $500. What's your view of that? I think that that reading takes the word prior and changes it from meaning before to meaning before or after in a separately filed suit. So I think it's going too far with what the word prior could possibly mean. The occasions – I mean, the whole point of the statute is to identify what occasions are going to give rise to a strike. And those occasions are when an action was dismissed, which is a district court strike, and then there's an event or an appeal is dismissed. What about the other? It seems to me the government does give away too much in that position. The only question is whether that undercuts its whole argument. It gives a little bonus for the appeal of the – if strike number 3 is the district court, the government doesn't count the appeal. I understand it. And I should be quick to point out.  Yes, Your Honor. And I should be quick to point out that they agree with our interpretation on the facts of this case where he had three strikes and then he filed subsequent actions. So why use the word occasion at all? Meaning, what meaning do you give to that word? Why didn't they just say three dismissals? I think the statute – I think occasions is just kind of a way of framing the long clause that follows after it. That seems to me you could have just said if a prisoner has three dismissals, then three prior dismissals, not three prior occasions, three prior dismissals, he can't get IFP thereafter. And I don't think that would change the outcome in this case because the language that still would remain is action that was dismissed or appeal that was dismissed. So the language that draws a distinction between the court of – the district court level and the appellate court level would still be there. I mean, occasions is just identifying those two, what those two occasions are. What about the fact that this provision refers to a prior occasion on which an action was dismissed? If you put prior and action together, isn't there the suggestion that you're talking about an action that is different from the action that is before the court of appeals in what is arguably the third strike? That word would also carry through to prior appeal, apparently. I think the prior occasions is simply talking about the fact that an action that happened before. I don't think that that word would have to modify both, and it doesn't make sense that it would modify prior appeal as well in a way that's distinguished from the appeal in this case. In both events, it would be talking about anything that was before. If there are no further questions, I'll yield the time to my colleague from the Federal Government. Roberts. Thank you, counsel. Mr. Kedem. Mr. Chief Justice, and may it please the Court. If I could start with the issue of finality and the normal background principles. The argument that Petitioner makes, and this is echoed by the argument that he makes in pages 9 to 10 of his reply brief, is that sometimes Congress specifies that finality is required, and sometimes it specifies that finality is not required. And so we can draw no negative inference from the fact that Congress was silent here. But if you look at the example of the statute in which Congress specified nonfinality that he gives, it's actually not a statute at all. It's a Federal rule of evidence. Moreover, Petitioner identifies no instance in which Congress has a statute in which it is silent about whether or not you require finality, like subsection G, and yet finality was implicitly read to be required. In other words, no instance in which finality requirement was inferred rather than expressed. And even if you think that sometimes finality might be able to be inferred, section 1915 is an especially bad candidate because it distinguishes so repeatedly and so sharply between the trial and appellate stages. And that brings me to Petitioner's single occasion theory, articulated most clearly in pages 18 to 19 of his opening brief. It's the idea that a trial court dismissal plus the appeal from that dismissal constitute a single ongoing occasion. And if Congress had that in mind, presumably it would have used some sort of process-oriented language in 1915. Ginsburg. Isn't that what the court of appeals held here? Pardon? The court of appeals said you do get the appeal from the third strike. Yes. The court of appeals said, we believe incorrectly that the appeal from the third strike is the same occasion. But is that before us? I mean, you are – I thought the disappeal is about the fourth case, and that you haven't contested the court of appeals holding that you do get an appeal from the third strike. We don't believe that's directly at issue, and we can talk about it if the justices are interested in that. But the question as to how to read occasion and whether it encompasses just the trial or the appellate stage or both of them at the same time is very much at issue in this case. And we believe that you could end up with overlapping occasions, not only the trial court dismissal, but on appeal, also a separate appellate dismissal, which, as Petitioner concedes, is an occasion in its own right. Breyer, that's the – why I asked the question about it on page 25 of your brief. You say the bar goes into effect if the prisoner has received strikes on three or more prior occasions. Now, you say a prior occasion is not the district court dismissal in this third case. That's not a prior occasion. But when you look at the earlier two strikes, you don't consider it as a whole. So we consider this one as a whole, but we don't consider the others as a whole. That's why I asked the question. The question, Justice Breyer, is whether the prior occasions that might prevent you from appealing a civil action includes that very action, the one you're trying to appeal. No, it doesn't. Yes, it does, because the dismissal of, by the district court, of this lawsuit after it's done is a prior occasion. The present occasion is your appeal of that dismissal to the court of appeals. Justice Breyer, it's important to consider the posture you're in when you're making that choice. I'm not saying it's good policy or anything. I'm just saying it's hard for me to see how you can say the one and not the other. Because at the time that you're making the decision, a new occasion hasn't started. You have to decide whether the prisoner is allowed to file the IFP appeal. Remember in the second one? When you filed the appeal from the first one, the new occasion hadn't started. So we're still in the middle of the occasion. No, Justice Breyer, the prior occasion has concluded. It concluded with the issuance of the judgment of dismissal. Let me provide an analogy that hopefully can articulate our position. Imagine that a school had a policy that said in no event shall a student retake a test if on three or more prior occasions that student had taken and failed a test. Now, I suppose you could read that policy to say that the very test you want to retake is a prior occasion that might prevent you from retaking it. But we don't think that's the natural reading. And moreover, in order to give independent content to the word prior, it can't simply mean before the very decision when you're making the IFP determination. Because, of course, you're only taking account of strikes that are prior in that sense. You're not going to take account of strikes that haven't yet happened. Sotomayor, was it your brief that said there were very few cases? You found only two published cases? Only two cases, and that includes cases that are not published. That's what my question was. And, of course, it's important to emphasize, we're not just talking about the problem of a third strike reversal. In order for Petitioner's concerns to come about, you need a prisoner who wants to file a fourth suit, one that doesn't qualify for the imminent danger exception, and there has to be some risk of the statute of limitations running in that fourth suit while the third one is on appeal. Presumably, that's going to be extraordinarily rare if it ever happens. And even if it does, we believe in that instance Rule 60b-5 would allow you appropriate relief. Then to answer Judge Easterbrook's point, which is when the fourth case comes in, the Court is just not granting IFP. It's not dismissing the case. It's just not filing it at all. It's just saying to you, I won't commence the litigation. I won't accept it without you paying IFP. Well, what usually happens is what happened in this very case, namely that the Court says, I'm not granting you IFP status and I'm going to dismiss your case if you don't pay the filing fee. And so you could file Rule 60b-5 motion to have that reopened, because Rule 60b-5 applies whenever a litigant seeks to reopen a case that was dismissed on the basis where the case was based on a prior judgment that was reversed or vacated, which would seem to apply here. Roberts. Do you have to file, pay a filing fee to go with the 60b motion? Is that a separate proceeding? My understanding is that there's a circuit split as to whether, if you're denied IFP status, you nevertheless are still on the hook for the filing fee. Well, that would really make your position complicated. Your Honor, I think if you are a prisoner who is three strikes barred and you still want to file a fourth suit, there might be some consequence, namely that you might be on the hook if that third strike is ultimately affirmed, as most third strikes are. I'd like to address also the point the Petitioner makes, that his position is much more easily administered, because I actually think the inquiry is basically the same on either approach. It's true that if you only know that the prisoner is three strikes barred, then you can rely on that under Petitioner's approach. But that's not normally what happens. What normally happens is what happened in this very case, namely, the trial court lists the prior dismissals, plus what it knows about what happened to those dismissals on appeal, and it makes an IFP determination. And under either approach, the inquiry is as follows. For any appellate dismissal or a trial court dismissal that was affirmed on appeal, you can always rely on that going forward. And for any trial court dismissal where you don't know what happened on appeal, you simply have to check the appellate docket, something that, as Petitioner points out, courts are already very familiar with. So under either approach, essentially the inquiry is entirely the same. And finally, Your Honor, if you are simply not convinced by the textual arguments and you just want to know what makes practical sense, you should go with the approach that works in the vast majority of cases. And in the vast majority of cases, what happens is what happened in this very case. You have a third strike that was ultimately affirmed on appeal. Under Petitioner's approach, notwithstanding that affirmance, even though the Sixth Circuit said that strike was properly administered, he would nevertheless be permitted to proceed IFP in those four additional suits that he filed. Under our approach, he would not because the third he would not because he was three strikes barred. But if the third strike had been reversed rather than affirmed, he could have gone back to the trial court and asked for relief under Rule 60b-5. Kagan. And just to be clear, Mr. Kedem, if we say, you know, we're not buying this prior occasion thing, does your does the rest of your position stay your position? It does. I think you would end up with Respondent's position. But one additional point on prior occasions, although Petitioner disagrees with our reading of the phrase prior occasions, he's a he does agree with us that if Congress meant prior occasions to include an appeal, to apply in this situation from an appeal of a third strike, it would have said so explicitly. So if you simply go with that background understanding, you would still end up with our position. Thank you. Roberts. Roberts. And so, Mr. Shanmugam, you have 4 minutes left. Thank you, Mr. Chief Justice. Justice Kennedy asked Mr. Lindstrom whether the inconsistency between Respondent's position and the Federal government's position undercuts the whole argument here, and we would respectfully submit that it does. Let me start with Respondent's interpretation. I don't think that I could put the problem with that interpretation better than the Federal government itself does in its brief, where it suggests that an interpretation which precludes even an appeal from the very dismissal that counts as a third strike would be inconsistent with, quote, "...common practice in which a litigant is permitted an appeal as of right from any adverse district court ruling that is final. One would expect Congress to have spoken more clearly if that had been Congress's intention, and while in section 1915a3 Congress specified certain circumstances under which an IFP appeal is not permitted, it conspicuously did not bar IFP appeals from third strike dismissals." Now, Respondent's attempt to mitigate the harsh consequences of their position. Wisely, they do not make the argument that they did in their brief, that a prisoner need only, quote, "...buckle down in order to earn the $505 filing fee in order to pursue an appeal." All I heard Respondent suggest was, well, a prisoner can refile in State courts. But as Mr. Lindstrom wisely acknowledged, because Michigan itself has such a provision, many States following the PRA adopted three-strike provisions of their own, and so I would respectfully submit that that provides cold comfort. Let me turn to the Federal government's interpretation.  Some States do. I'm, frankly, not sure what the practice is in Michigan, but I know that many States count dismissals in both sets of courts toward the three strikes. Let me address the Federal government's interpretation very briefly. I think it is telling that my friend, Mr. Kedem, did not start with the government's phrase prior occasion. He, instead, started with background principles, and that is, I would respectfully submit, for the simple reason that you simply cannot get this different suit distinction out of the phrase prior occasion. It would lead to the odd result, as Justice Breyer highlighted in his colloquy with Mr. Kedem, that a prior dismissal could count as a prior occasion in some circumstances, but not in others. Let me address the question of background principles, because that was such the focus of Mr. Kedem's argument. We would respectfully submit that principles differ in the law, whether as a matter of statute or whether as a matter of background principles. Congress can be explicit in both directions, and obviously here Congress was silent. I think in terms of nonstatutory background principles, frankly, the primary principle on which the Federal government relies in its brief is the principle of claim preclusion. And it is certainly true that in some jurisdictions, consequences attach immediately upon judgment. That's not the rule in others. In California and Texas, consequences don't attach until the judgment becomes final on appeal. But that doctrine serves a quite different purpose. The whole point of attaching consequences immediately is precisely to ensure that a losing party does not get a second bite at the apple. Here, by contrast, you're talking about a provision that applies consequences in other lawsuits, however unrelated and however meritorious. And that just underscores in our view the point that there are different policy justifications that may require attaching consequences to a judgment immediately or that may require attaching consequences only when a judgment becomes final on appeal. At bottom, recognizing that there is some ambiguity here, given the fact that you have three parties here who are offering different interpretations, none of which lines up with the interpretation of the court of appeals below, we would respectfully submit that considerations of workability and administrability ought to be paramount when construing a statute that governs the processing of Federal lawsuits. Our rule has been the rule in the beginning. Roberts. Before your time runs out, can a case be final on appeal if there is an appeal pending but the notice of appeal is untimely? We believe that in that circumstance, it probably would be until the court of appeals the appeal as untimely. But these are issues that lower courts deal with all the time, and not just in the context of our interpretation of the three strikes provision. So a prisoner could at least temporarily put some of these strikes in abeyance by filing untimely notices of appeal. And I suppose that a court, if a court believed that that was a serious problem, could construe the finality rule differently. Our submission is simply that our rule has been the rule in the overwhelming majority of lower courts, and there's no evidence that lower courts have had any difficulty. The interpretations on the other side are solutions in search of a problem. Thank you. Thank you, counsel. The case is submitted.